*Simpson, for appellants.*
*Equiton, for appellee.*

---

### R. H. FIELD v. MARY PORTER.

**Bills and Notes—Husband and Wife's Note—Surety for Husband and Wife—Separate Estate.**

Although appellee is one of the payers of the note, it does not appear that her separate estate was bound for the payment of the same, and as she was a feme covert at the time of its execution it imposed no personal liability upon her. Fields by signing the note became the surety of the husband and not the wife.

**Same—Lien on Married Woman's Estate—How Created.**

The attempt to retain a lien in the conveyance to secure him on account of this note was an effort to create a charge upon the estate of a married woman, and appellee cannot be compelled, on account of her acceptance of the deed, to pay the note.

APPEAL FROM BULLITT CIRCUIT COURT.

April 25, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The conveyance from Porter and wife to Fields, bearing date October 14th, 1865, having been properly executed and acknowledged, not only constituted the latter the trustee for Mrs. Porter but authorized him to retain out of the trust funds the various amounts therein set apart for his benefit. The debt to Dawson was created subsequent to the execution of this deed of trust, and although Mrs. Porter is one of the payors of said note, it does not appear that her estate was bound for the payment of the same, and as she was a *feme covert* at the time of its execution, of course it imposed no personal liability upon her. Fields by signing said note became the surety of the husband and not of the wife. Hence he had no right to retain a lien upon the land conveyed to Mrs. Porter in satisfaction of what he owed her as trustee, to secure himself on account of his suretyship for her husband. His title bond, dated ovember 27th, 1865, as well as his conveyance of March 22nd, 1867, show that the consideration for the Long Lick land was the nine hundred and fifty dollars of notes due from Hoagland to Mrs. Porter, and that the payment of the Dawson note by Fields constituted no part whatever of said consideration.

The attempt to retain a lien in the conveyance to secure him on account of this note was an attempt to create a charge upon the estate of a married woman, and as it was not done in con formity with the statutes regulating the manner in which such estates may be charged, Mrs. Porter could not be compelled on account of her acceptance of said conveyance to pay said note. We are of opinion the petition of appellant was properly dismissed.

Judgment affirmed.

*R. H. Field, for appellant.*
*A. H. Field, for appellee.*